JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

16-cv-1102    APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF:
**DELORES HOLMES**

**DEFENDANTS:**
**ASHTON & WEINBERG, INC.**

(b) County of Residence of First Listed Plaintiff: DELAWARE (PA)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: PROVIDENCE (RI)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cary L. Flitter, Esq. and Andrew M. Milz, Esq., Flitter Milz P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692
Brief description of cause: Violations of the Fair Debt Collection Practice Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE                    DOCKET NUMBER

DATE: 3/9/16
SIGNATURE OF ATTORNEY OF RECORD

MAR 07 2016

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

UNITED STATES DISTRICT COURT APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 793 B. Mount Road, Aston, PA 19014

Address of Defendants: 7 Austine Avenue, #2, Greenville, RI 02828

Place of Accident, Incident or Transaction: _____

*Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐  No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
     (Please specify) Fair Debt Collection Practices Act, 15 U.S.C. §1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
     (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: _____   _____   _____
                              Attorney-at-Law          Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/9/16   _____   207715
                Attorney-at-Law       Attorney I.D.

CIV.609 (4/03)

MAR 07 2016



**APPENDIX I**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | | |
|---|---|---|---|
| DELORES HOLMES | : | CIVIL ACTION | 16  1102 |
| v. | : | | |
| ASHTON & WEINBERG, INC. | : | NO. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( X )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

3/9/16
**Date**

**Attorney at Law**

Andrew M. Milz
**Attorney for Plaintiff**

610-822-0781      610-667-0552      amilz@consumerslaw.com
**Telephone**       **Fax Number**       **E-Mail Address**
(Civ.660) 10/02

MAR 07 2016

$400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DELORES HOLMES<br>793 B Mount Road<br>Aston, PA 19014,<br>　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>ASHTON & WEINBERG, INC.<br>7 Austine Avenue, #2<br>Greenville, RI 02828,<br>　　　　　　　Defendant. | CIVIL ACTION<br><br>NO. 16   1102 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. Defendant debt collector repeatedly harassed Plaintiff regarding an account allegedly owed by making false threats of suit, stating it was "seeking legal remedies" and "has been instructed to file for summary judgment" even though no suit was ever filed, or intended, against Plaintiff.

3. Defendant's actions constitute harassment under the FDCPA and violate that law's ban on false, deceptive and misleading representation in the collection of a consumer debt. 15 U.S.C. §1692d,e.

### II. JURISDICTION

4. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5. Venue is proper as defendant is located in and regularly does business in this District.

### III. PARTIES

6. Plaintiff is Delores Holmes, a consumer who resides in Aston, Pennsylvania at the address captioned.

7. Defendant Ashton & Weinberg, Inc. (hereinafter "A&W") is a debt collector with a Greenville, RI address as captioned above.

8. A&W regularly engages in the collection of consumer debts using the mails and telephone.

9. A&W regularly attempts to collect consumer debts from consumers in Philadelphia and conducts business here.

10. A&W is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

### IV. STATEMENT OF CLAIM

11. On October 15, 2015 an employee of defendant A&W called Plaintiff in an effort to collect an old consumer debt allegedly due to "Care Credit." The caller threatened with imminent legal action.

12. The caller, "Alan Roma" claimed "he has been instructed by his client to file for summary judgment to go through your jurisdiction and county."

13. He went on to state that Ms. Holmes was going to be "served by process servers to appear."

14. Then, on or around December 15, 2015, A&W called again, with "Dan Gately" saying he was calling on behalf of the "firm." This implies A&W is a law firm. Upon information and belief, it is not.

2

15. In this call, A&W went on to say it was instructed to "move forward" with "seeking legal remedies," overtly implying a lawsuit.

16. The acts of Defendant described above constitute conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, d(5).

17. Defendant's representations to plaintiff were false, deceptive or misleading in violation of 15 U.S.C. § 1692e, e(1), e(4), e(5), e(10).

18. The above statements are false, deceptive and misleading.

19. This is so because no lawsuit was filed against Ms. Holmes, no suit was ever intended, no service had been made, and the Defendant's debt collectors are, upon information and belief, not licensed to practice law in PA but are merely debt collectors masquerading as lawyers.

20. Plaintiff has suffered sleeplessness, nervousness, fear, anxiety, embarrassment, depression, and other physical and emotional damages as a result of Defendant's harassing conduct.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

22. Defendant A&W's conduct violates the FDCPA in the following ways:

    (a) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

3

      (b) by using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

**WHEREFORE**, Plaintiff Delores Holmes demands judgment against Defendant Alston & Weinberg, Inc. for:

    (a)    Damages;

    (b)    Attorney's fees and costs; and

    (c)    Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: 3/9/16

Respectfully submitted:

CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Ste. 101
Narberth, PA 19072
(610) 822-0781

4